# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard M., | Case No. 0:19-cv-00827-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Andrew Saul, Commissioner of Social Security, | |
| Defendant. | |

On February 13, 2020, the Court stayed this matter pending the Eighth Circuit Court of Appeals' resolution of consolidated appeals in *Davis v. Comm'r of Soc. Sec.*, 18-3422 (8th Cir. Nov. 14, 2018); *Thurman v. Comm'r Soc. Sec.*, 18-3451 (8th Cir. Nov. 19, 2018); *Iwan v. Comm'r of Soc. Sec.*, 18-3452 (8th Cir. Nov. 19, 2018); and *Hilliard v. Comm'r of Soc. Sec.*, 19-1169 (8th Cir. Jan. 24, 2019). The Eighth Circuit recently decided the three consolidated cases in *Davis v. Saul*, __ F.3d __, 2020 WL 3479626 (8th Cir. June 26, 2020), and separately issued a decision in and *Hilliard v. Saul*, __ F.3d __, 2020 WL 3864288 (8th Cir. July 9, 2020). *Davis*, 2020 WL 3479626 (affirming the district court's ruling in *Davis*, *Thurman*, and *Iwan* that the claimant in each case waived an argument that the ALJ was not properly appointed in accordance with the Appointments Clause of the Constitution); *Hilliard*, 2020 WL 3864288 (8th Cir. July 9, 2020) (citing *Davis* and concluding that because "Hilliard did not raise to the ALJ an Appointments Clause challenge, … this court need not consider it").

Counsel for the Plaintiff suggests that the Court continue its stay in this case pending the Eighth Circuit Court of Appeals decision in a second set of consolidated appeals: *Smith v. Saul*, 19-2731 (8th Cir. Aug. 14, 2019); *Millard v. Saul*, 19-2766 (8th Cir. Aug. 19, 2019); and *Taylor v. Saul*, 19-3155 (8th Cir. Oct. 4, 2019). He also suggests that a further stay may be prudent given that there will likely be additional appeals in

*Davis* and *Hilliard*. ECF No. 24. The Commissioner argues that the Court should rely on *Davis* to conclude that Mr. M has forfeited his Appointments Clause claim. ECF No. 23.

Having reviewed the parties' recent updates, the Court finds that waiting to decide the summary judgment motions until after the decision in the second set of consolidated appeals will simplify the issues in this case, conserve judicial resources, and will not severely prejudice the plaintiff. *Wilson v. Corning, Inc.*, No. CV 13-210 (DWF/TNL), 2018 WL 4635672, at *1 (D. Minn. Sept. 27, 2018) ("In considering whether to stay proceedings, the Court considers whether a stay will (1) unduly prejudice or tactically disadvantage the non-moving party; (2) simplify the issues in the infringement litigation and streamline the trial; and (3) reduce the burden of litigation on the parties and the Court."). Accordingly, the Court concludes that staying this case pending the outcome of the consolidated appeals in *Smith*, *Millard*, and *Taylor* is appropriate.

**IT IS HEREBY ORDERED THAT** this matter is **STAYED** pending the outcome of the consolidated appeals in *Smith v. Saul*, 19-2731 (8th Cir. Aug. 14, 2019); *Millard v. Saul*, 19-2766 (8th Cir. Aug. 19, 2019); and *Taylor v. Saul*, 19-3155 (8th Cir. Oct. 4, 2019). The parties shall contact the Court within 14 days of the date of the Eighth Circuit's decision in these consolidated appeals to request lifting the stay or any other relief they believe is appropriate. The Court will determine whether to request supplemental briefing on the Appointments Clause issue raised in this case upon submission of the parties' status updates required by this Order.

Date: July 13, 2020

                                                   *s/Katherine Menendez*
                                                   Katherine Menendez
                                                   United States Magistrate Judge