UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard M., | No. 19-cv-827 (KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| Frank Bisignano, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b). (ECF No. 67.) The Court previously granted Plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA) totaling $2,990.29. (ECF No. 66.) Plaintiff's counsel now seeks an award of $19,846.75, which represents 25 percent of the past due benefits that Plaintiff obtained after this matter was remanded to the Social Security Administration.[1] Defendant does not object to an award of fees under § 406(b) and takes no position on the reasonableness of the fees sought. (ECF No. 72.)

Under 42 U.S.C. § 406(b), the Court may award a "reasonable fee" to a successful claimant's counsel for work performed before the Court, in an amount no greater than 25%

---

[1] Plaintiff's total award of past-due benefits was $116,187, twenty five percent of which is $29,046.75. Plaintiff's counsel has already obtained a $9,200 fee award under 42 U.S.C. § 406(a), for work performed before the agency. Combined, that award and the fees requested in this motion would, in the aggregate, be twenty-five percent of the total past-due benefits. However, § 406(b) does not impose a twenty-five-percent cap on aggregate fees for work performed before a court and work performed before the agency. *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019). Plaintiff's counsel thus seeks an award of fees that is less than the total they may otherwise be entitled to recover.

1

of the total past-due benefits awarded to the claimant. Counsel for a successful claimant must "show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Court has an independent obligation to determine whether an attorneys' fee award in amount requested is reasonable. *Id.* at 808.

First, the Court finds that counsel's representation of Plaintiff was successful because it resulted in an award of past-due disability benefits. 42 U.S.C. § 406(b)(1)(A) (indicating that fees are available when there is "a judgment favorable to the claimant"); *Smith v. Kijakazi*, No. 19-cv-01571 (SRN/HB), 2023 WL 3580817, at *2 (D. Minn. May 22, 2023) (awarding fees under § 406(b)(1)(A) where counsel secured past-due disability benefits for claimant).

Next, the Court finds that Plaintiff's counsel seeks fees that are reasonable: the fees requested comport with the contingency agreement Plaintiff entered into with his counsel, and agreements of this kind "are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800.

Finally, the Court finds that the full award of requested fees would not be so "large in comparison to the amount of time counsel spent on the case" as to warrant a reduction. *Id.* at 808. Indeed, given the hours Plaintiff's counsel devoted to this case, their contingency award results in an hourly rate of $689.12, which is reasonable given the risk of receiving no compensation at all. (ECF No. 67 ¶¶ 10–11.)

Attorneys may collect fee awards for the same work under both the EAJA and 42 U.S.C. § 406(b), but the attorney must "refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (quoting Pub. L. No. 99-80, § 3, 99 Stat. 183, 186 (1985))

(cleaned up). Here, the fee awarded under EAJA is less than that awarded under § 406(b), so Plaintiff's counsel must refund Plaintiff the previously awarded EAJA fee.

Consistent with the foregoing, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 67) is **GRANTED**. The Court awards $19,846.75 in fees under 42 U.S.C. § 406(b).

2. Within 30 days of this Order, the government shall pay Plaintiff $19,846.75 in fees pursuant to 42 U.S.C. § 406(b). The award shall be paid directly to Plaintiff's counsel.

3. Upon receipt of the fees awarded in this Order, Plaintiff's counsel must refund the $2,990.29 in previously awarded EAJA attorney's fees to Plaintiff.

Date: December 30, 2025

       *s/Katherine Menendez*
       Katherine Menendez
       United States District Judge